1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2  SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  **D** DarrasLaw
4  3257 East Guasti Road, Suite 300
   Ontario, California 91761-1227
5  Telephone:   (909) 390-3770
   Facsimile:   (909) 974-2121
6
7  Attorneys for Plaintiff
   James McNally
8
9              UNITED STATES DISTRICT COURT
10             EASTERN DISTRICT OF CALIFORNIA
11  JAMES MCNALLY,                          Case No:
12          Plaintiff,                      COMPLAINT FOR BENEFITS UNDER
                                            AN EMPLOYEE WELFARE BENEFIT
13     vs.                                  PLAN
14
15  THE GUARDIAN LIFE INSURANCE
    COMPANY OF AMERICA,
16
            Defendant.
17
18
19  Plaintiff alleges as follows:
20          1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337
21  and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security
22  Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by
23  Plaintiff for Disability benefits under an employee benefit plan regulated and governed
24  under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.
25  § 1331 as this action involves a federal question.
26                        **JURISDICTION AND VENUE**
27          2.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337
28  and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

1    Act of 1974, 29 U.S.C. § 1101, *et seq.* ("ERISA") as it involves a claim by Plaintiff for

2    Disability benefits under an employee benefit plan regulated and governed under

3    ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. §

4    1331, as this action involves a federal question.

5         3.    The ERISA statute at 29 U.S.C. § 1133, as well as Department of Labor

6    regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative internal

7    appeal of benefits denials.  In this case, those avenues of appeal have been exhausted

8    and this matter is now properly before this court for judicial review.

9         4.    Plaintiff is informed and believes and thereon alleges that the Tenax

10    Aerospace, LLC Long Term Disability Plan ("Plan") is an employee welfare benefit plan

11    established and maintained by the Tenax Aerospace, LLC ("TENAX") to provide its

12    employees and those of its subsidiaries and affiliates, including Plaintiff, JAMES

13    McNALLY ("MR. McNALLY"), with income protection in the event of a disability and is

14    the Plan Administrator.

15        5.    Plaintiff alleges upon information and belief that Defendant THE

16    GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("GUARDIAN"), is, and at all

17    relevant times was, a corporation duly organized and existing under and by virtue of the

18    laws of the State of New York, authorized to transact and transacting the business of

19    insurance in this state, and, the insurer and Claims Administrator for the Plan.

20        6.    Plaintiff further alleges that venue is proper in this district pursuant to 29

21    U.S.C. § 1132(e)(2) in that GUARDIAN, who fully insured the policy and who is ultimately

22    liable if Plaintiff is found disabled, may be found in this district.  Since on or about August

23    3, 1899, GUARDIAN has been registered as a corporation with the state of California, has

24    extensive contacts within the state, employs California residents, conducts ongoing

25    business within the state and therefore, may be found within the state.

26        7.    At all relevant times Plaintiff was a resident and citizen of the State of

27    California, an employee of TENAX, its successors, affiliates and/or subsidiaries, and a

28    participant in the Plan.



## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.    At all relevant times Plaintiff was covered under group disability policy number 752340 (the "Policy") that had been issued by GUARDIAN to TENAX to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

9.    At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Plan.

10.    At all relevant times, GUARDIAN has been the claims administrator of the Policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

11.    At all relevant times, GUARDIAN has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

12.    GUARDIAN has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.  Under its fiduciary duty, GUARDIAN is required to take active steps to reduce bias and ensure claims are conducted in a manner that is consistent with the interests of the Plaintiff and other participants and beneficiaries of the Plan.

13.    Under the terms of the Policy, GUARDIAN administered the Plan and retained the sole authority to grant or deny benefits to applicants.

14.    Because GUARDIAN both funds and decides whether claimants will receive monthly long term disability benefits under the Plan, GUARDIAN suffers from a structural conflict of interest which warrants additional skepticism.

## STANDARD OF REVIEW

15.    In ERISA cases, the de novo standard of review applies "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan confers discretionary authority, then the standard of review shifts to abuse of discretion. *Id*

16.    In order for the Plan Administrator's decisions to be reviewed by this Court under an abuse of discretion standard and not a de novo standard, the Plan must

1   properly give the Plan Administrator "discretion" to make said decisions within the plain

2   language in the Plan.

3       17.     Plaintiff alleges that the Plan fails to properly give GUARDIAN discretion

4   under the Policy.

5       18.     Further, when the Plan Administrator violates the Department of Labor

6   regulations, it effectively forfeits its discretionary authority.

7       19.     When denying a claim for benefits, a plan's failure to comply with the

8   Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result

9   in that claim being reviewed de novo in federal court.

10      20.     GUARDIAN committed the following violations demonstrating its failure

11  furnish a full and provide review:

12      i.      Inadequate notice of reasons for denial, 29 C.F.R. § 2560.503-

13              1(g)(1)(i);

14      ii.     Inadequate notice of the information needed to perfect Plaintiff's

15              appeal, 29 C.F.R. § 2560.503-1(g)(1)(iii);

16      iii.    Failure to follow GUARDIAN'S own claims procedures, 29 C.F.R. §

17              2560.503-1(b);

18      iv.     Failure to adopt guidelines to ensure that similarly situated claims are

19              administered correctly and consistently, 29 C.F.R. § 2560.503-1(b)(5);

20      v.      Failure to administrative Plaintiff's claim consistently, 29 C.F.R. §

21              2560.503-1(b)(5);

22      vi.     Failure to provide requested relevant documents timely, 29 C.F.R.

23              § 2560.503-1(h)(2)(iii);

24      vii.    Failure to describe the guidelines and protocols relied upon, 29

25              C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5);

26      viii.   Failure to obtain the review of appropriate medical professional, 29

27              C.F.R. § 2560.503-1(h)(3)(iii);

28      ix.     Failure to obtain an appeal review of a different non-subordinate



1        medical professional, 29 C.F.R. § 2560.503-1(h)(3)(v);

2    x.   Failure to obtain an appeal review that does not defer to the prior

3        determination, 29 C.F.R. § 2560.503-1(h)(3)(iii);

4    xi.  Failure to obtain an appeal review that is conducted by a different

5        non-subordinate individual, 29 C.F.R. § 2560.503-1(h)(3)(iii);

6    xii. Failure to give a claimant an opportunity to review and refute the

7        report of a reviewing physician obtained during the appeal review,

8        29 C.F.R. § 2560.503-1(h)(4); and

9    xiii. Failure to take into account all comments, documents, records, and

10       other information submitted to the claimant or by the claimant

11       relating to the claim, 29 C.F.R. § 2560.503-1(h)(2)(iv).

12   21.  GUARDIAN'S violations of the regulations were not inadvertent or

13   harmless.  Plaintiff contends that because GUARDIAN failed to furnish a full and fair

14   review, GUARDIAN has relinquished its discretionary authority under the Plan.

15                               **ADMINISTRATIVE APPEAL**

16   22.  Plaintiff was an Airplane Mechanic previously employed by TENAX.

17   23.  Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on

18   January 19, 2019, and became disabled under the terms of the Plan on February 28,

19   2019.

20   24.  Plaintiff filed a claim for Long Term Disability benefits through the Plan,

21   which are insured and administered by GUARDIAN, including a monthly benefit and

22   waiver of life insurance premiums.

23   25.  On September 3, 2019, Plaintiff's claim for Long Term Disability benefits

24   was approved.

25   26.  The Plan defines "Disability" in pertinent part as follows:

26       • During the Elimination Period and the Own Occupation period, he or

27         she is not able to perform, on a full-time basis, the major duties of his

28         or her own occupation.

- After the end of the Own Occupation period, he or she is not able to perform, on a full-time basis, the major duties of any gainful work.
- Own Occupation:  A covered person's occupation as done in the general labor market in the national economy.  To determine the duties and requirements of his or her Own Occupation, we use:  (a) the job description provided by the Plan Sponsor; and (b) the duties and requirements of that occupation as shown in the most recent version of the Dictionary of Occupational Titles.
- Elimination Period:  90 days
- Own Occupation Period:  The first 24 months of benefit payments from this plan

27.    On March 23, 2021, GUARDIAN terminated Plaintiff's Long Term Disability Benefits.

28.    GUARDIAN'S termination letter said, "We have reviewed your claim and have determined that we are unable to provide further benefits because we have not received ongoing proof of loss. [...] Should you wish to appeal this decision, you will need to submit your reasons for appeal in writing and provide Guardian with the documents previously requested."

29.    GUARDIAN'S termination letter failed to consider all of the medical evidence documenting Plaintiff's continuing restrictions, limitations, and inability to perform necessary vocational requirements of his own or any occupation related to his medical conditions.

30.    On March 29, 2021, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

31.    Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the GUARDIAN.

32.    Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other

1   occupation as defined by the terms of the Plan.

2        33.    GUARDIAN denied Plaintiff's claim based on the opinions of paid

3   consultants who conducted paper reviews, without ever having examined Plaintiff.

4        34.    GUARDIAN'S paper reviews of Plaintiff's file are unreliable and

5   unreasonable as a basis for denial because:

6        a.    The reviewers' opinions were infected by conflict and bias;

7        b.    The reviewers' conclusions lack foundation and are conclusory;

8        c.    The reviewers failed to consider the degenerative nature of Plaintiff's

9             condition(s) and the lack of significant improvement;

10       d.    The reviewers lacked appropriate qualifications to comment on Plaintiff's



11            conditions;

12       e.    The reviewers never examined Plaintiff in-person, which is particularly

13            relevant, given the complexity of Plaintiff's conditions and treatment;

14       f.    The reviewers failed to consider all relevant information, including

15            Plaintiff's relevant own occupational demands;

16       g.    The reviewers failed to acknowledge that medications neither effectively

17            resolved his pain nor were appropriate for long-term treatment of Plaintiff;

18       h.    The reviewers based their opinions on a summary reports of other

19            underqualified opinions; and

20       i.    The reviewers' conclusions were inconsistent with the weight of the

21            evidence.

22       35.    Thereafter, by letter dated May 7, 2021, GUARDIAN notified Plaintiff that

23   their original decision to deny Plaintiff's claim for Long Term Disability benefits had been

24   upheld.

25       36.    On September 8, 2021, Plaintiff requested a second appeal review of his

26   Long Term Disability benefits claim.

27       37.    On March 15, 2022, GUARDIAN denied Plaintiff's second appeal and

28   upheld its decision to deny Plaintiff's claim for ongoing Long Term Disability benefits.

2b00add13a9f9c4f

1          38.     GUARDIAN, in its final denial, discounted the opinions of Plaintiff's

2   treating physicians, among others, and the documented limitations from which Plaintiff

3   suffers, including the effects of Plaintiff's impairments on his ability to engage in work

4   activities.

5          39.     Plaintiff has now exhausted his administrative remedies, and his claim is

6   ripe for judicial review pursuant to 29 U.S.C. § 1132.

7                                        **MEDICAL FACTS**

8          40.     Plaintiff became disabled under the terms of the Plan on February 28,

9   2019, due to Narcolepsy, Obstructive Sleep Apnea, Chronic Fatigue Syndrome,

10   Hyperparathyroidism, Hypertension, and Epstein-Barr Virus Infection.

11         41.     Plaintiff timely submitted this claim for Long Term Disability benefits.

12         42.     Plaintiff's claim for Long Term Disability benefits were approved as

13   outlined above.

14         43.     Plaintiff's treating physicians have opined that Plaintiff is unable to work.

15         44.     Plaintiff's treating physicians disagree with GUARDIAN'S hired peer

16   reviewers.

17         45.     On February 24, 2021, the Social Security Administration approved

18   Plaintiff's claim for disability benefits retroactive to February 28, 2019.

19         46.     Plaintiff's multiple disorders have resulted in restrictions in activity and

20   have significantly curtailed his ability to engage in any form of exertional activity.

21         47.     Physicians have prescribed Plaintiff with multiple medications in an effort

22   to address his multiple symptoms; however, Plaintiff continues to suffer from excessive

23   fatigue and daytime somnolence as documented throughout the record.

24         48.     Plaintiff's documented fatigue is so severe that it impairs his ability to

25   maintain the exertional and non-exertional requirements necessary to engage in

26   competitive employment.  This is defined as working an eight-hour day, day after day,

27   week after week, month after month.

28         49.     The aforementioned impairments and their symptoms preclude Plaintiff's

1    performance of any work activities on a consistent basis.

2    50.    As such, Plaintiff has been and remains disabled per the terms of the Plan

3    and has sought disability benefits pursuant to said Plan. However, after exhausting his

4    administrative remedies, GUARDIAN persists in denying Plaintiff his rightfully owed

5    disability benefits.

6    **GUARDIAN'S CONFLICT OF INTEREST**

7    51.    Based upon the substantial medical evidence in the possession of

8    GUARDIAN at the time of the denial, its decision to deny disability insurance benefits

9    was wrongful and contrary to the terms of the Plan.

10    52.    At all relevant times, GUARDIAN has been operating under an inherent

11    and structural conflict of interest as GUARDIAN is liable for benefit payments due to

12    Plaintiff and each payment depletes GUARDIAN'S assets.

13    53.    GUARDIAN'S determination was influenced by its conflict of interest.

14    54.    GUARDIAN'S reviewing experts are not impartial.

15    55.    Upon information and belief, GUARDIAN'S peer reviewers have

16    conducted reviews in connection with numerous other individuals insured by

17    GUARDIAN.

18    56.    GUARDIAN knows, or has reason to know, that its in-house medical

19    consultants and the medical consultants hired and/or retained to complete file reviews

20    serve only insurance companies and never individual claimants.

21    57.    Upon information and belief, GUARDIAN pays substantial sums of money

22    to its medical consultants, whether in-house or independent contractors, to conduct

23    reviews for claimants under GUARDIAN'S plan(s).

24    58.    Upon information and belief, GUARDIAN'S reviewing experts receive

25    financial incentive to proffer opinions aiding in GUARDIAN'S denial of claims.

26    59.    GUARDIAN has failed to take active steps to reduce potential bias and to

27    promote accuracy of its benefits determinations.

28    / / /

1    60.    Additionally, ERISA imposes higher-than-marketplace quality standards

2    on insurers. It sets forth a special standard of care upon a plan administrator, namely,

3    that the administrator "discharge [its] duties" in respect to discretionary claims

4    processing "solely in the interests of the participants and beneficiaries" of the plan, §

5    1104(a)(1); it simultaneously underscores the particular importance of accurate claims

6    processing by insisting that administrators "provide a 'full and fair review' of claim

7    denials," Firestone, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

8    marketplace and regulatory controls with judicial review of individual claim denials, see

9    § 1132(a)(1)(B).

10    61.    As a direct and proximate result of GUARDIAN's failure to provide Plaintiff

11    with disability benefits, Plaintiff has been deprived of said disability benefits from March

12    29, 2021, to the present.

13    62.    As a further direct and proximate result of the denial of benefits, Plaintiff

14    has incurred attorney fees to pursue this action, and is entitled to have such fees paid

15    by Defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

16    63.    A controversy now exists between the parties as to whether Plaintiff is

17    disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he

18    meets the Plan definition of disability and consequently he is entitled to all benefits from

19    the Plan to which he might be entitled while receiving disability benefits including, but

20    not limited to, reimbursement of all expenses and premiums paid for such benefits from

21    the termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for

22    a determination of Plaintiff's claim consistent with the terms of the Plan.

23    WHEREFORE, Plaintiff prays for relief against Defendant as follows:

24    1.    An award of benefits in the amount not paid Plaintiff from March 29, 2021,

25    to the present, together with interest at the legal rate on each monthly payment from the

26    date it became due until the date it is paid; plus all other benefits from the Plan to which

27    he might be entitled while receiving disability benefits including, but not limited to,

28    reimbursement of all expenses and premiums paid for such benefits or, in the

1    alternative, a remand for a determination of Plaintiff's claim consistent with the terms of

2    the Plan;

3        2.    An order determining that Plaintiff is entitled to future payments so long as

4    he remains disabled as defined in the Plan;

5        3.    For reasonable attorney fees incurred in this action; and

6        4.    For such other and further relief as the Court deems just and proper.

7

8    Dated:  January 26, 2023            DarrasLaw

9

10

11                                FRANK N. DARRAS
                                  SUSAN B. GRABARSKY
12                                PHILLIP S. BATHER
                                  Attorneys for Plaintiff
13                                JAMES McNALLY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28