UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MCNALLY, | Case No. 1:23-cv-00122-JLT-CDB |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| v. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | Amendment to Pleadings: June 27, 2023 |
| Defendant. | Discovery Cutoff: October 20, 2023 |
| | Mid-Discovery Status Conference: September 15, 2023 |
| | Non-Dispositive Filing: January 19, 2024 |
| | Non-Dispositive Hearing: February 23, 2024 |
| | Serve and Filing Administrative Record: May 3, 2024 |
| | Opening Briefs: June 3, 2024 |
| | Opposition Briefs: June 24, 2024 |
| | Trial Date: August 19, 2024\ |

This Court conducted an Initial Scheduling Conference in this action via videoconference on April 20, 2023. Susan Borondia Grabarsky appeared on behalf of Plaintiff James McNally ("Plaintiff"). Sean P. Nalty appeared on behalf of Defendant The Guardian Life Insurance Company of America ("Defendant"). Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

///

1

### 1. Current Status of Consent to the Magistrate Judge Jurisdiction

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Christopher D. Baker, U.S. Magistrate Judge.

### 2. Amendment to the Parties' Pleadings

All stipulated amendments or motions to amend shall be filed by **June 27, 2023.**

### 3. Discovery Deadlines

The parties shall complete all discovery in this matter, if allowed, no later than **October 20, 2023**. Compliance with the discovery cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff date so that the Court may grant effective relief within the allotted discovery time. A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

A mid-discovery status conference is scheduled for **September 15, 2023**, at 9:00 a.m. before Magistrate Judge Christopher D. Baker.  Counsel SHALL file a joint mid-discovery status conference report no later than **one week before the conference**.  Counsel also SHALL lodge the status report via e-mail to CDBorders@caed.uscourts.gov.  The joint report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference with Magistrate Judge Baker (or an unassigned magistrate in the event the parties later consent to magistrate judge jurisdiction).

### 4. Non-Dispositive Motions

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **January 19, 2024**,[1] and heard on or before **February 23, 2024** before Magistrate Judge Christopher D. Baker.  Judge Baker hears non-dispositive motions at 10:30 a.m. at the United States District Courthouse in Bakersfield, California.

---

[1] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 10 days after the expiration of the non-expert discovery deadline.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend. Likewise, no written discovery motions shall be filed without the prior approval of the Court. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and Magistrate Judge Baker. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. At least three days before the conference, counsel SHALL file informal letter briefs detailing their positions. The briefs may not exceed 7 pages, excluding exhibits. Counsel must comply with Local Rule 251 with respect to discovery disputes.

**5.     Administrative Record**

Defendant will serve Plaintiff and file with the Court the administrative record by **May 3, 2024**.

**6.     Cross-Motions for Summary Judgment**

a.   The parties shall file their cross-motions for summary judgment on or before **June 3, 2024;** and

b.   The parties shall file their respective oppositions on or before **June 24, 2024**

**7.     Trial Date**

**August 19, 2024**, at 8:30 a.m., located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston. This shall be a bench trial. Counsel's estimate of trial time is one-half day. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**8.     Settlement Conference**

A Settlement Conference has not been scheduled. The parties may contact Courtroom Deputy Susan Hall at at (661) 326-6620 or via email at SHall@caed.uscourts.gov to schedule a settlement conference. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference. Consideration of settlement is a serious matter that requires preparation prior to the

settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

At least twenty-one days before the settlement conference, Plaintiff SHALL submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[2] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, no later than fourteen days before the settlement conference, Defendant SHALL respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five court days prior to the settlement conference, the parties shall submit, directly to Magistrate Judge Baker's chambers by e-mail to CDBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

---

[2] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

  C. A summary of the proceedings to date.

  D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

  E. The relief sought.

  F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

  **9.** **Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court requires compliance with these Rules to efficiently handle its increasing case load.

  **10.** **Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.  The failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

 Dated: **April 20, 2023**         _____
                   UNITED STATES MAGISTRATE JUDGE

5